**FILED**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JUL 1 9 2007

Jul. 19 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| LEVONIA COLDING,<br>**PLAINTIFF,**<br>v.<br><br>EAST LAKE MANAGEMENT, INC.,<br>ELVIE HIGGIN-BOTTOM, owner<br>**DEFENDANT**<br><br>**and**<br><br>LEROY BANNISTER,<br>agent of East Lake Management, Inc.<br>**DEFENDANT**<br><br>**and**<br><br>ROSE JENNINGS,<br>agent of East Lake Management, Inc.<br>**DEFENDANT** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Case No.**

07CV4066
JUDGE CASTILLO
MAG. JUDGE BROWN

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is Levonia Colding of the county of Cook in the state of Illinois.

3. The defendants are East Lake Management, Inc. c/o Elvie Higgin-Bottom, Leroy

Bannister and Rose Jennings all of East Lake Management, Inc whose address is 2850 South

Michigan Avenue, Ste. 100, Chicago, County of Cook in the state of Illinois 60616.

312-842-5500 phone, 312-842-0765 fax.

4. The plaintiff sought employment by the defendant at Grant Village Senior Housing 4161

South Drexel Blvd. Chicago, County of Cook in the state of Illinois 60653.

5. The plaintiff was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff beginning on or about November 1,

2004.

7. The defendant is not a federal governmental agency and the plaintiff has filed a charge

against the defendant asserting the acts of discrimination indicated in this complaint with the

United States Equal Employment Opportunity Commission, on or about November 3, 2005. **A copy of the charge is attached.**

8.     The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on April 25, 2007 and **a copy of which *Notice* is attached to this complaint.**

9.     The defendant discriminated against the plaintiff because of the plaintiff's Disability according to the Americans with Disabilities Act or Rehabilitation Act.

10.    Jurisdiction over the statutory violation alleged is conferred as follows:  for A.D.E. A. by 42 U.S.C., sec. 12117, Americans with Disabilities Act of 1990 and Rehabilitation Act, 29 U.S.C. sec. 791.

11.    The defendant failed to reasonably accommodate the plaintiff's disabilities.  The defendant failed to stop harassment.  The defendant retaliated against the plaintiff because the plaintiff began documenting the lack of a reasonable accommodation for her disability.

12.    Plaintiff began employment with Respondent on October 5, 2004.  Upon completing Respondent's paperwork, Plaintiff informed Respondent that she had disabilities which are recognized under the Americans with Disabilities Act.  In November 2004, Plaintiff began requesting leave time in order to attend doctors' appointments.  Since November 2004, Respondent has been harassing Plaintiff and has been subjecting Plaintiff to unequal terms and conditions of employment in that Plaintiff was scrutinized more closely than her co-workers.  In June 2005, on Plaintiff's self-evaluation form, she requested a written reasonable accommodation for her disability due to undue pressure from her supervisor, Rose Jennings.  As a result, in August 2005, Plaintiff received a poor annual performance review, even though Plaintiff received an excellent evaluation from an external auditor.  Respondent not only failed to reasonably accommodate Plaintiff's disability, but has required Plaintiff to perform additional job duties.  Subsequently, Respondent has been building a case of incompetence against Plaintiff,

2

through the use of write-ups and threats of suspension and/or termination. In fact, Respondent issued Plaintiff three written warnings in a short time span. Finally, Plaintiff was forced to resign due to increased health concerns and exacerbations of her medical conditions. Thus, Plaintiff believes that she has been discriminated against because of her disability and subsequently retaliated and harassed violating the Americans with Disabilities Act of 1990, A.D.E.A. and the Rehabilitation Act.

13.     The plaintiff does not request a jury trial.

THEREFORE, PLAINTIFF asks that the court grant the following relief to the plaintiff:

A.      Direct the Defendant to discontinue the policy set forth in the East Lake Management Handbook and employee policy for accommodations of disability.

B.      Direct the Defendant to institute a legal policy in the East Lake Management Handbook and employee policy for accommodations of disabilities, retaliation and harassment.

C.      Grant the Plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

D.      For such other and further relief as the Court may find appropriate.

Levonia Colding

**Name** Levonia Colding
**Address** 2422 W. 170th Street
**City** Hazel Crest, Illinois 60429
**Telephone** 708-335-1861
**Date** July 19, 2007

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Levonia A. Colding<br>2422 W. 170th Street<br>Hazel Crest, IL 60429 | From: | Oklahoma City Area Office<br>215 Dean A. McGee Avenue<br>Suite 524<br>Oklahoma City, OK 73102 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2006-00174 | Mark V. Thierry,<br>Investigator | (405) 231-4375 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| | Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge. |
| | While reasonable efforts were made to locate you, we were not able to do so. |
| | You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged. |
| X | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____        4-19-07
Donald T. Stevens,                            (Date Mailed)
Area Office Director

Enclosures(s)

cc:    EAST LAKE MANAGEMENT, INC
       Attn: Leroy Bannister Jr.
       2850 S. Michigan Avenue
       Chicago, IL 60616

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 210-2006-00174 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| **Ms. Levonia A. Colding** | **(708) 335-1861** | **11-02-1971** |

Street Address        City, State and ZIP Code

**2422 W. 170th Street, Hazel Crest, IL 60429**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **EAST LAKE MANAGEMENT GROUP INC.** | **101 - 200** | **(312) 842-5500** |

Street Address        City, State and ZIP Code

**2850 S. Michigan Avenue, Chicago, IL 60616**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address        City, State and ZIP Code

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest        Latest |

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER (Specify below.)

**11-01-2004**        **11-02-2005**

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on October 5, 2004. Upon completing Respondent's new-hire paperwork, I informed Respondent that I have disabilities which are recognized under the Americans with Disabilities Act. In November 2004, I began requesting leave time in order to attend doctors' appointments. Since November 2004, Respondent has been harassing me and has been subjecting me to unequal terms and conditions of employment in that I am scrutinized more than my co-workers. In June 2005, on my self-evaluation form, I requested a reasonable accommodation for my disability. As a result, in August 2005, I received a poor annual performance review, even though I received an excellent evaluation from an external auditor. Respondent not only failed to reasonably accommodate my disability, but has required me to perform additional job duties. Subsequently, Respondent has been building a case of incompetence against me, through the use of write-ups and threats of suspension and/or termination. In fact, Respondent has issued me three written warnings since September 13, 2005.

I believe I have been discriminated against because of my disability and retaliation, in violation of the Americans with Disabilities Act of 1990.

NOV - 3 2005

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| *11-3-05*     X *Levonia* <br> Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |